IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

```
GEORGE LIKAS,                        )
                                     )
        Plaintiff,                   )
                                     )
v.                                   )    No. 3:03-0314
                                     )    JUDGE ECHOLS
LIFE INSURANCE COMPANY OF NORTH      )
AMERICA, INC.,                       )
                                     )
        Defendant.                   )
```

## MEMORANDUM

Presently pending before the Court is a Motion to Remand filed by Plaintiff George Likas (Docket Entry No. 104), to which Defendant has responded in opposition (Docket Entry No. 106), and Plaintiff has replied (Docket Entry No. 110). In its response, Defendant requests a status conference for purposes of determining the appropriate method to proceed on remand from the Sixth Circuit. (Id. at 3).

**I. Background**

In this case brought under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 et seq., Plaintiff George Likas contends that Defendant, Life Insurance Company of North America, Inc. ("LINA") wrongfully terminated his long-term disability ("LTD") insurance benefits. By Order and Memorandum Opinion entered on January 9, 2006 (Docket Entry Nos. 95 and 96), the Court granted Defendant's Motion for Judgment on the Administrative Record (Docket Entry No. 62) and denied Plaintiff's Motion for Judgment on the Administrative Record (Docket Entry

1

No. 82), thereby upholding Defendant's decision to terminate Plaintiff's LTD benefits; granted Defendant's Motion to Strike, or in the Alternative, to Exclude from Consideration Plaintiff's Citations to Medical Authorities (Docket Entry No. 87); and denied Plaintiff's Second Motion for Discovery (Docket Entry No. 91). The Court had previously denied Plaintiff's Motion to Remand the case to the plan administrator. (Docket Entry Nos. 80 and 81).

Plaintiff timely appealed the Court's denial of his motions to compel production of the Administrative Record, to conduct discovery, and to remand the case to the plan administrator. (Docket Entry No. 102 at 1). Plaintiff also appealed the Court's grant of judgment on the Administrative Record in favor of LINA. (Id.)

On March 15, 2007, the Sixth Circuit Court of Appeals affirmed the Court's denial of Plaintiff's motions to compel production of the Administrative Record, to conduct discovery, and to remand the case to the plan administrator. (Docket Entry No. 102). However, the Sixth Circuit remanded "the matter of LINA's motion for judgment on the Administrative Record . . . for clarification of the materials reviewed by Dr. Cutler and for such further proceedings as are appropriate." (Id. at 12). In particular, the Sixth Circuit stated:

> The record does not indicate precisely what information Dr. Cutler reviewed in making his assessment. We cannot determine whether LINA provided Dr. Cutler with records relating to Likas's condition after October 28, 2001 (or, if LINA did provide these records to Dr. Cutler, whether Dr. Cutler considered them), including those relating to Likas's second surgery. On the basis of the present record,

2

> we cannot adequately review the District Court's decision to grant LINA's motion for judgment on the Administrative Record.

(Docket Entry No. 102 at 12).

## II. **Plaintiff's Motion to Remand**

On May 18, 2007, Plaintiff George Likas filed a "Motion to Remand" in which he asks this Court to remand his claim to LINA for full and complete consideration on its merits. (Docket Entry No. 104 at 1). Plaintiff contends that because Dr. Cutler cannot clarify the information he reviewed in connection with Plaintiff's claim, the most appropriate proceeding in this case is to remand Plaintiff's claim for determination on its merits. (Id.) In support of his Motion, Plaintiff submits a letter sent on behalf of Dr. Cutler dated April 9, 2007, stating that he could not clarify the information he reviewed in connection with Plaintiff's claim because his office did not retain the file that was sent to him for review. (Docket Entry No. 105).

Defendant opposes Plaintiff's motion, asserting that the remedy requested by Plaintiff is completely inappropriate in light of the Sixth Circuit's opinion in this case. (Docket Entry No. 106). Defendant suggests that a more appropriate method for this Court to comply with the Sixth Circuit's order would be to convene a status conference at which the parties can jointly or individually propose a plan or process for the requested "clarification," and this Court then can determine what course of action should be followed. (Id. at 2). A possible approach suggested by Defendant is to "engage Dr. Cutler to review the administrative record which is before the Court, and to determine

3

if anything in the record changes his prior opinion." (Docket Entry No. 106 at 2).

Defendant's first assertion is well taken. A remand to LINA for a full and complete review on the merits would be inconsistent with the Sixth Circuit's opinion in this case. Although the Sixth Circuit remanded the case to this Court for a clarification of the materials reviewed by Dr. Cutler, the Sixth Circuit -- in the same opinion -- also affirmed multiple rulings of this Court, including the Court's decision that remand to LINA for further review was inappropriate. See Likas v. Life Ins. Co. of N. Am., No. 06-5124, 2007 WL 738647, at **3-5 (6th Cir. Mar. 12, 2007)(affirming this Court's denial of Plaintiff's motions to compel production of the administrative record, to conduct discovery, to consider materials outside the administrative record, and to remand). The Sixth Circuit did not remand the case to this Court with directions to remand this case to LINA for a full and complete review on the merits; instead, the Sixth Circuit remanded the case "to the District Court for clarification . . . ." Id. at *6 (emphasis added). This Court agrees with Defendant that, given this language, the Sixth Circuit's ruling contemplates a very limited review that does not include a remand to LINA. Accordingly, Plaintiff's Motion to Remand(Docket Entry No. 104) will be denied.

**III. Response to the Sixth Circuit's Remand for Clarification**

In previously granting Defendant's motion for judgment on the Administrative Record, this Court applied the arbitrary and capricious standard of review and found there was medical evidence in the Record to support the plan administrator's decision that, as

4

of October 2001, Plaintiff was capable of fulfilling the duties of his sedentary job. (Docket Entry No. 95 at 24). In so finding, the Court specifically pointed to the opinions of Plaintiff's treating physicians Schoettle and Elalayli, the findings of independent peer review physician Dr. Scott G. Cutler, and Plaintiff's normal clinical and diagnostic tests. (Id.) The Court therefore concluded that the Administrative Record supported "a reasoned explanation" for LINA's decision and, thus, the decision was not arbitrary and capricious. (Id.)

On appeal, Plaintiff contended that LINA's reliance on Dr. Cutler's assessment was unreasonable because Dr. Cutler did not receive or review all of Plaintiff's medical records. Specifically, Plaintiff complained that LINA did not consider, and instructed Dr. Cutler not to consider, medical records documenting Plaintiff's condition after October 27, 2001. Plaintiff made this same argument before this Court in briefs filed in response to Defendant's Motion for Judgment on the Administrative Record, and the Court addressed it at some length in its previous Memorandum entered contemporaneously with its Order of January 1, 2006. (See Docket Entry No. 95 at 26-27). As the Court explained then:

> The reason Defendant limited its review to evidence pertaining to Plaintiff's condition and treatment through October 2001 is because that is when Defendant determined that Plaintiff no longer satisfied the policy's definition of disability. The Policy requires that Plaintiff must provide "continued proof" of his disability for benefits to continue. (AR 0019). Further, disability benefits end on "[t]he date [LINA] determines an Employee is not Disabled . . . ." (AR 0019). Once Plaintiff's disability ended, he longer had insurance under the policy. Thus, any

5

>     subsequent deterioration of his condition
>     would not be covered under the policy.

(Id. at 27 n.7).

In considering Plaintiff's appeal, the Sixth Circuit noted, "Nowhere does LINA indicate how, exactly, it reached the decision that, as of October 28, 2001, Likas was no longer disabled." (Docket Entry No. 102 at 12). As this Court understands LINA's decision (AR 0446-0448), LINA determined that Plaintiff no longer met the policy's definition of disability once LINA received the opinions of Plaintiff's treating physicians (Drs. Elalayli, Schoettle, Beuter, and El-Said), who opined that Plaintiff was capable of performing sedentary work. (Id.) At the time LINA made its initial determination, the most recent evidence it had received was from Dr. Schoettle, who had completed a Physical Ability Assessment of Plaintiff dated October 11, 2001, wherein he opined that Plaintiff could perform tasks consistent with those required by a sedentary occupation. (AR 0461-0474). Thus, it appears to this Court that LINA could have reasonably terminated Plaintiff's LTD benefits as of that date (October 11, 2001), but instead continued the benefits through the month of October 2001.

Dr. Cutler, whose professional opinion is the focus of this remand, did not become a part of the administrative review process until Plaintiff's appeal of LINA's initial termination of LTD benefits. Dr. Cutler reviewed Plaintiff's file in May 2002. Plaintiff has long contended that LINA did not provide Dr. Cutler with Plaintiff's post-October 2001 medical records. For example, Plaintiff points out that Dr. Cutler in his report referred to

6

Plaintiff's previous "surgery" rather than "surgeries," one of which occurred after October 2001. (See Docket Entry No. 65 at 6-7).[1]

As to what records Dr. Cutler specifically reviewed, the Administrative Record reveals only that Dr. Cutler "review[ed] the medical records provided which include the records of several treating physicians, including the previous operating physician, rheumatologists, orthopedists and other pertinent medical records." (AR 0324). Defendant's counsel represents to this Court that LINA "in fact submitted all of Likas's medical records to Dr. Cutler and requested simply that he give his opinion of Likas's functional capacity at the relevant time period, October 2001, because that is when Likas's own treating physician Dr. Schoettle[] gave R&Ls theat were consistent with sedentary work." (Docket Entry No. 28 n.11).

As revealed throughout this litigation, it is Defendant's position that LINA provided Dr. Cutler with all of Plaintiff's medical records necessary for Dr. Cutler to offer his opinion of Likas's functional capacity "at the relevant time period," which was up to October 2001, because it was in October 2001 when Likas's own treating physician opined that Plaintiff no longer was disabled. (Id.) Therefore, under Defendant's theory, records pertaining to Plaintiff's functional capacity after October 2001 would not be relevant to Dr. Cutler's assessment.

---

[1]Plaintiff filed the instant motion without a supporting memorandum. Defendant contends that Plaintiff's motion should be denied for that reason alone.

7

Although it is unclear whether LINA provided Dr. Cutler with records related to Plaintiff's medical care, condition, and treatment after October 2001, there does not seem to be any real disagreement as to the fact that Dr. Cutler did *not* take into account such evidence in rendering his opinion of whether Plaintiff was disabled under the policy as of October 2001. Plaintiff strenuously contends that Dr. Cutler should have been provided with all of Plaintiff's medical records--preceding and following October 2001--including records related to his second surgery, and that Dr. Cutler should have considered all of those records in forming his opinion as to whether Plaintiff was disabled as of October 2001. Yet, the Court has rejected Plaintiff's argument time and again, finding that once LINA determined that Plaintiff was not disabled under his policy in October 2001, any further deterioration of his condition was not relevant.

The Court notes, however, that *even in the absence of Dr. Cutler's findings one way or the other*, the Court's decision to grant judgment in favor of LINA would remain unchanged. That is to say, applying the arbitrary and capricious standard of review, the Court would nevertheless find (even without Dr. Cutler's findings) that LINA's decision to terminate Plaintiff's LTD benefits in October 2001 was "the result of a deliberate principled reasoning process" by LINA and was "supported by substantial evidence." Killian v. Healthsource Provident Admins., Inc., 152 F.3d 514, 520 (6th Cir. 1998). The Court was not persuaded by the cumulative impact of the evidence cited in its previous Memorandum. Rather, the Court found that because there was <u>some</u> evidence supporting

8

LINA's decision (i.e., the opinions of treating physicians Schoettle and Elalayli and Plaintiff's normal clinical and diagnostic test results), even if the Court could have arrived at a different decision on it own,[2] LINA's decision to terminate Plaintiff's LTD benefits was not unprincipled or without support in the Administrative Record. Moreover, as the Court previously explained (see Docket Entry No. 95 at 27-28), the Court was not persuaded by the opinion of Dr. Beuter, who refused to complete the disability evaluation section of LINA's form; or by the opinion of Dr. Darwin, who never responded to LINA's request for medical records or information; or by the letters of Dr. Johnson, who did not submit any clinical data or evidence supporting his opinion that Plaintiff could not perform his sedentary job, and whose opinion did not come until after Drs. Schoettle and Elalayli had opined that Plaintiff was capable of sedentary work and after LINA had denied Plaintiff continuing benefits.

In light of these findings, the Court determines that, unless otherwise instructed by the Sixth Circuit, the need for a status

---

[2] The Court conceded that there was evidence in the Administrative Record supporting Plaintiff's claimed disability. (See Docket Entry No. 95 at 27). However, the Court found that it could not say "it was unreasonable for LINA to give more credence to the opinions of Drs. Elalayli, Schoettle, and Cutler over the conflicting opinions of Drs. Beuter, Darwin, and Johnson." (Id.) Even ignoring Dr. Cutler's findings, the Court's reasoning stands, for the Court did not base it decision on the number of physician opinions on either side of the argument, but on the substance and quality of each individual physician's assessment and findings.

9

conference as proposed by Defendant is unnecessary.  Therefore, Defendant's request for such a conference will be denied.

An appropriate Order will enter.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE